(No. 1780—

CHARLES H. TIBBS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 3, 1932.*

Mr. Justice Roe delivered the opinion of the court:

Charles H. Tibbs, the claimant, has been employed at the Peoria State Hospital for more than twenty-nine years as an attendant and as an assistant in farm and garden work at this institution. The classification under which he received his pay was that of a farm laborer.

The Peoria State Hospital is an institution for the care and custody of the insane maintained by the State of Illinois at South Bartonville, Illinois. The institution has some seventy acres of land set aside as a farm and garden upon which vegetables for the entire hospital are raised. The work in the garden is carried on largely by inmates who have been committed to the said institution who have progressed in their treatment so that they may be trusted out of doors. They are required to work partly for the purpose of such treatment and partly as an economic convenience to the institution. It was the duty of the claimant as assistant gardener to instruct and supervise the inmates assigned to this garden work.

On June 28, 1930, while the claimant was directly and assisting in such garden work on a piece of ground on the right of way of a railroad adjacent to the seventy acre garden tract, he was severely injured by one of the inmates and it is for this injury that he claims damages from the State of Illinois. While claimant was bending over showing one of the inmates how to hoe parsnips, another inmate came up from behind, and struck the client on the head, shoulders and back with an eight and one-half inch metal hoe attached to a five and one-half foot handle. The blows were so violent that claimant was rendered unconscious, the inmate who struck him being a stout man weighing about one hundred fifty to one hundred sixty pounds.

The Attorney General agrees that the statement filed by the claimant herein clearly sets forth the facts as to claimant's employment and the circumstances of the accident. These facts are admitted. However, there is not unaminity as to the results of the injury.

Claimant asserts that the first stroke of the hoe, a sharp instrument, contacted claimant's spinal column at the small of the back while he was bending over; that further strokes came in contact with the claimant's head and shoulders and

other parts of the body, thereby prostrating and physically incapacitating claimant. He further asserts that he was removed to the hospital in the said institution and that thereafter he experienced great pain and suffering and is still unable to walk without the aid of a cane and is not able to do manual labor. The claimant also asserts that he is suffering from a permanent and total disability resulting from an injury to the base of the spine and sarcroillese joints caused by traums received when attacked. The respondent admits the injury was serious but contends that the injury has resulted in a partial total disability of approximately fifty per cent.·

The claimant's employment and the circumstances surrounding the cause of the injury are admitted by the respondent, and the results of the injury have been set forth in the depositions and have been ably discussed by both sides, therefore the important question to be determined by this court is one of liability.

The Attorney General seems inclined to the opinion that the duties appurtenant to an attendant at a State welfare institution, where such attendant or gardner has direct control or supervision of insane inmates, is of such a nature as properly classified as extra-hazardous under the Workmen's Compensation Act.

This court has consistently held that when this Act is applied to State employees, it shall apply only to such occupations as are clearly classified by Statute as extra-hazardous, and therefore we are constrained to find that this case does not come within and under this Act. The provisions of the Act declare certain enterprises or businesses only to be extra-hazardous and enumerates them. The only paragraph which might be construed as applicable to the present case is Paragraph 7½ which refers to an "enterprise in which sharp-edged cutting tools, grinders or implements are used." But later on the Act, in Paragraph 8, provides that "nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil　*　*　* or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered." It is therefore the opinion of this court that the foregoing pro-

vision is conclusive that this claimant's occupation cannot be considered as extra-hazardous and does not come under or within the Workmen's Compensation Act.

It has been the rule of this court to endeavor to treat the employees of the State of Illinois in the same manner as if they were employed by private individuals. *Coons* vs. *State of Illinois,* No. 1175, Vol. 5, page 385, Court of Claims Reports.

Under Section 6, clause 4, of the Act creating the Court of Claims, it provides that this court shall have the power to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto,* which the State as a Sovereign Commonwealth should in equity and good conscience discharge and pay.

In the case of *Stoddard, etc.* vs. *State of Illinois,* Nos. 1066-1067, Vol. 6, page 29, Court of Claims Reports, this court says:

"It is clear from this language that the Legislature intended that all claims allowed against the State should be based upon either a legal or equitable right. This question has been before the Court a number of times."

This court has held that where the injury does not come within the provisions of the Workmen's Compensation Act, there is no other statute making the State liable for injuries suffered by employees. *Hoenig* vs. *State of Illinois,* No. 1705, Vol. 6, page 562, Court of Claims Reports. While this is the strict rule of law applied by this court, the statute contemplated that the Court of Claims, when it deems that the facts and circumstances justify it in so doing may consider the case from a broader viewpoint than the strict rules of law allow, and consider the case in the light of commonsense and fair dealing as a matter of equity and good conscience. The statute thereby contemplated that situations might arise where employees of the State should not be dealt with under the strict rules of the law and left the application of this principle of commonsense and fair dealing to the wisdom of the court. This court has therefore set a definite standard in this regard whereby litigants before the court may proceed and be guided.

Time after time where there is no legal liability on the part of the State for damages sustained by claimants, as a matter

of equity and good conscience awards have been made under Section 6, Clause 4.

> *Stanley Stachowick* vs. *State of Illinois,* No. 683, Vol. 5, page 276, Court of Claims Reports;
>
> *Brennan Packing Company* vs. *State of Illinois,* No. 735, Vol. 5, page 137, Court of Claims Reports;
>
> *Wright* vs. *State of Illinois,* No. 824, Vol. 5, page 161, Court of Claims Reports;
>
> *Stack* vs. *State of Illinois,* No. 875, Vol. 5, page 180, Court of Claims Reports;
>
> *Carroll* vs. *State of Illinois,* No. 1149, Vol. 5, page 422, Court of Claims Reports;
>
> *Clary* vs. *State of Illinois,* No. 1179, Vol. 5, page 386, Court of Claims Reports;
>
> *William J. Brennan* vs. *State of Illinois,* No. 1148, Vol. 5, page 420, Court of Claims Reports;
>
> *DeSale* vs. *State of Illinois,* No. 1053, Vol. 6, page 172, Court of Claims Reports;
>
> *Hanson* vs. *State of Illinois,* No. 1452, Vol. 6, page 275, Court of Claims Reports;
>
> *Love* vs. *State of Illinois,* No. 1383, Vol. 6, page 183, Court of Claims Reports;

In considering the evidence in the case before the court, we find that the claimant was required to work with an inmate who had previously attacked and seriously injured another employee at the same institution. The evidence further shows that the care and treatment of the inmates was determined by persons known as supervisors. The inmates detailed to assist claimant in the garden were chosen by these supervisors and the evidence also shows that the inmate who attacked the claimant had been troublesome and more or less of a menace since his former attack upon an employee, but because of his changed appearance he was not recognized by the claimant. Although claimant asserts that he did not recognize his assailant as one known to him as troublesome, he should have been on the alert always when dealing with insane persons and this court believes that all persons who deal with the insane should ever be on their guard and should exercise more than ordinary care for their own safety.

Nevertheless, in equity and good conscience, we believe that a trusted employee, sixty-two years of age, married and supporting a wife, should be reimbursed for this injury in-

flicted by an insane person and received while the claimant was on duty.

The Court of Claims has jurisdiction to determine whether the claimant is entitled to compensation and if so, the amount he should be allowed. Quoting from the decision in the case of *Michael W. Wright* vs. *State of Illinois,* No. 824, Vol. 5, page 161, Court of Claims Reports, the language there used is applicable here:

"There is no doubt in the minds of the Court that the claimant is in a very bad physical condition, and from the evidence we must conclude it was due to the injuries, both external and internal, he received at the time of the accident that caused the condition. He testifies that he is practically totally disabled."

The evidence shows that claimant has been very kindly treated by the State and has received medical and hospital care free. Therefore, taking into consideration all these facts, we believe the circumstances warrant the finding that in equity and good conscience the claimant be and he is hereby awarded the sum of Two Thousand Dollars ($2,000.00) and we recommend that he be paid this amount.